## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ANGELO BERTINELLI and KRYSTI LEIGH BERTINELLI, his wife, | No. 3:20-CV-01558 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### DECEMBER 10, 2020

## I.     BACKGROUND

In August 2020, Plaintiffs, Christopher and Krysti Bertinelli, filed a five-count complaint against Defendant, Transcontinental Gas Pipe Line Company, LLC.[1]  This is a case of contract and tort predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.  Defendant removed the action to this Court on August 28, 2020.

On September 4, 2020, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is

---

[1]  The Court notes that Defendant removed another case to the Middle District of Pennsylvania on the same day, also brought by Plaintiff's counsel.  Both cases raise the same five counts against the same Defendant.  A comparison of both the pleadings and briefings filed by the parties serves to highlight the similarities between the two actions.  *See Rosengrant v. Transcontinental Gas Pipe Line Company LLC*, No. 4:20-cv-01555 (M.D. Pa.).

now ripe for disposition; for the reasons that follow, it is granted.  However, Plaintiffs will be provided leave to amend the complaint.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[2] and "streamlines litigation by dispensing with needless discovery and factfinding."[3] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[4] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[5]

Following the Roberts Court's "civil procedure revival,"[6] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[7] and *Ashcroft v. Iqbal*[8] tightened the standard that district courts must apply to 12(b)(6) motions.[9]  These

---

[2]   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[3]   *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[4]   *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[5]   *Neitzke*, 490 U.S. at 327.

[6]   Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).

[7]   550 U.S. 544 (2007).

[8]   556 U.S. 662, 678 (2009).

[9]   *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[10]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[13] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[14]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

---

[10]  *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[11]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[12]  *Iqbal*, 556 U.S. at 678.

[13]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[14]  *Twombly*, 550 U.S. at 556.

[15]  *Iqbal*, 556 U.S. at 679.

plausibility of entitlement to relief.'"[16]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[17] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[18] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[20]

### B.    Facts Alleged in the Complaint

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

---

[16]   *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[17]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[18]   *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[19]   *Iqbal*, 556 U.S. at 678.

[20]   *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

Plaintiffs own land in Sweet Valley, Luzerne County, Pennsylvania.[21] Decades ago – in 1958, to be exact – Plaintiffs' predecessor-in-interest granted Defendant a right-of-way allowing Defendant to install a pipeline to transport oil and related substances across the property.[22]  In 2015, Plaintiffs granted Defendant a second right-of-way to install another pipeline.[23]

Due to the construction and installation, Plaintiffs' property was damaged in a number of ways: (1) "[c]racks in the concrete slab in the garage and basement of the Property;" (2) "[e]arth settling under the bilco door;" (3) uneven "grading of the property;" (4) "[r]ocks left on the Property; (5) "[b]are spots in the vegetation and landscaping;" and (6) the "[e]xterior of Plaintiffs' residence on the Property was tarnished requiring cleaning."[24]  Plaintiffs' land was never restored to its original condition and they were never compensated for the damages.[25]  Plaintiffs made various communications with Defendant detailing the damages and seeking remedy.[26]  Despite these communications, Defendant has refused to repair the property.[27]  As a result, Plaintiffs have been without the use of a significant portion of their property due to Defendant's actions.[28]

---

[21]  Compl. ¶ 4.
[22]  *Id*. ¶ 5.
[23]  *Id*. ¶ 7.
[24]  *Id*. ¶ 12.
[25]  *Id*. ¶ 13.
[26]  *Id*. ¶¶ 17-19.
[27]  *Id*. ¶ 20.
[28]  *Id*. ¶ 21.

C.      Analysis

Plaintiffs bring this suit seeking damages based on five counts: (1) breach of contract; (2) negligence; (3) private nuisance; (4) unjust enrichment; and (5) *quantum meruit*.  Defendant moves to dismiss Counts 2-5 for failure to state a claim.[29]  Defendant does not contest the breach of contract claim in its motion to dismiss.

1.      **Count 2 – Plaintiffs have failed to sufficiently plead that a breach took place.**

The four elements of a negligence claim under Pennsylvania law are as follows: "a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff."[30]  Defendant challenges whether Plaintiffs have alleged facts sufficient to support the claim that Defendant breached its duty of care to Plaintiffs.  Defendant suggests that Plaintiffs have only offered a conclusory claim that Defendant breached its duty "by performing its pipeline installation work in a manner that results in harm to the Property . . ."[31]

---

[29]   The Court notes here that in its opening brief, Defendant raised a statute of limitations argument as to Counts 2 and 3.  In its reply brief, however, Defendant abandons this argument based on Plaintiffs' opposition, acknowledging that Defendant "overlooked the Praecipe for Writ of Summons that was filed prior to the Complaint." Doc. 11 at 1. Therefore, the Court does not consider any statute of limitations arguments.

[30]   *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).

[31]   Doc. 9 at 9.

Plaintiffs counter by repeating the allegation in their complaint and positing – in a conclusory fashion – that this is "more than a formulaic recitation of the elements [of a negligence claim] and should not be dismissed."[32]  Defendant has the better of the argument on this point; Plaintiffs cannot simply allege that there was a breach without explaining how this happened.  A breach requires more than damage to property; a breach requires a "defendant's failure to conform" to a specific standard of care.[33]  The bare allegation that because Defendant damaged Plaintiffs' property does not tell the Court "*how* the defendant[] breached [its] duty."[34]  Without pleading such additional facts showing how Defendant's behavior fell below the standard of care owed to Plaintiffs, this claim cannot survive at the moment.

> **2.    Count 3 – Plaintiffs have not established that any invasion was either "intentional and unreasonable" or "unintentional and otherwise actionable."**

Pennsylvania utilizes the approach outlined in the Restatement (Second) of Torts for evaluating a claim of private nuisance.  Under that standard, "[o]ne is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land."  Such an invasion *must* be either "intentional and unreasonable," or "unintentional

---

[32]  Doc. 10 at 10.
[33]  *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).
[34]  *Bell v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 2018 WL 2447788 (W.D. Pa. May 31, 2018) (emphasis added).

and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities."[35]

Even if Plaintiffs could establish that there was an invasion of their interest in the private use and enjoyment of their property – and the Court does not take a position on this issue here – they have failed to establish that such invasion was either: (1) intentional and unreasonable; or (2) negligent or reckless.  Plaintiffs plead no facts lending themselves to the conclusion that there was an intentional and unreasonable invasion.  They contend that it would be "difficult" for them to "prove [that] Defendant's complained-of conduct was intentional."[36]  Defendant correctly notes that Plaintiffs' burden at this stage is not to prove anything; rather, it is to plead facts in support of a claim.  Plaintiffs do not do so.  There are no allegations in the complaint that indicate that Defendant acted intentionally and unreasonably.  Plaintiffs' conclusory allegation that Defendant's conduct unreasonably interfered with Plaintiff's use and enjoyment of their Property does not satisfy Rule 12.

Plaintiffs likewise cannot establish that Defendant's conduct was negligent or reckless, as this Court has discussed, *supra*.  Plaintiffs may attempt to revive this claim through an amended complaint if they choose.  For now, however, this claim also fails.

---

[35]  *Liberty Place Retail Associates, L.P. v. Israelite School of Universal Practical Knowledge*, 102 A.3d 501, 509 (Pa. Super. 2014) (quoting the Restatement (Second) of Torts § 822).
[36]  Doc. 10 at 13.

**3.**     **Counts 4 and 5 – Plaintiffs' claim for unjust enrichment and *quantum meruit* fail because the parties' relationship is governed by contract.**

Lastly, Plaintiffs raise separate claims of unjust enrichment and *quantum meruit*. In Pennsylvania, however, the two are synonyms.[37] They are not independent causes of action. Plaintiffs do not dispute this fact in opposition to the motion to dismiss. Because these two claims are the same, they will be assessed together.

Defendant challenges these claims, arguing that "where the parties' relationship is already governed by a written agreement," *quantum meruit* and unjust enrichment are inapplicable.[38] Plaintiffs counter by claiming that these counts are a proper (and in fact, necessary) use of pleading-in-the-alternative.[39] This argument, however, misses the mark, because as the Third Circuit has held, "pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy."[40] Such pleading in the alternative, in other words, is only allowed when: "(i) the contract at issue covers only a part of the relationship between the parties, or [] (ii) the existence of a contract is uncertain or its validity

---

[37]   *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 645 Pa. 362, 379 (2018) ("*quantum meruit* claim is a claim for unjust enrichment . . ."); *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 667 (Pa. Super. 2007) ("Unjust enrichment is a synonym for *quantum meruit*.").

[38]   Doc. 9 at 17.

[39]   Doc. 10 at 15-16.

[40]   *Grudkowski v. Foremost Ins. Co.*, 556 Fed. Appx. 165, 170 n.8 (3d Cir. 2014); *see also*

is disputed by the parties."[41]  Neither party contends that these exceptions apply here, and Defendant has not moved to dismiss the breach of contract claim alleged in Count 1.  Therefore, finding no dispute over whether the contract is: (1) the complete representation of the relationship between the parties; or (2) valid, the claims for *quantum meruit* and/or unjust enrichment cannot survive.

## III.   CONCLUSION

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is granted. Plaintiffs are granted leave to amend. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[42]  "Circuit case law, however, holds that leave to amend must be given in this situation as well."[43]  It is well settled in this circuit that leave to amend should be freely granted.

The Court considered whether to deny leave to amend as to Counts 4 and 5, given the obstacles facing Plaintiffs.  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[44]  "Futility" means that the complaint, as amended, would fail to state a

---

[41] *Vantage Learning (USA), LLC v. Edgenuity, Incorporated*, 246 F.Supp.3d 1097, 1100 (E.D. Pa. 2017); *see also Silva v. Rite Aid Corporation*, 416 F.supp.3d 394 (M.D. Pa. 2019).
[42] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) ("*Burlington*").
[43] *Id.*
[44] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).

claim upon which relief could be granted.[45]  Although there is a "liberal pleading philosophy of the federal rules" a court will dismiss the complaint in its entirety with prejudice because amendment would be futile.[46]  It is not entirely clear to the Court that amending Counts 4 and 5 would be something other than futile, but out of an abundance of caution, the Court leaves the decision to amend those counts, or not, to the discretion of counsel.  The Court would suggest, however, that if counsel does include a quasi-contractual claim, only one should be used, for the reasons discussed, *supra*.

As such, Plaintiffs will be given fourteen days from today's date to file an amended complaint.  If no amended complaint is filed, the action will proceed exclusively as to Count 1, which Defendant did not move to dismiss.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[45]   *Burlington*, at 1434. In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id*.; 3 Moore's Federal Practice, § 15.15[3] (3d ed. 2000).

[46]   *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).