# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ANGELO BERTINELLI and KRYSTI LEIGH BERTINELLI, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br><br>Defendant. | No. 3:20-CV-01558<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### MAY 27, 2021

## I. BACKGROUND

In August 2020, Plaintiffs, Christopher and Krysti Bertinelli, filed a five-count complaint against Defendant, Transcontinental Gas Pipe Line Company, LLC. The Court granted Defendant's motion to dismiss certain counts of the complaint in December 2020. Plaintiffs filed an Amended Complaint, and Defendant has once again moved to dismiss some of the claims. This motion is granted in part and denied in part, but Plaintiffs will not receive leave to amend again.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions.[8]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

---

1   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).
2   *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
3   *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
4   *Neitzke*, 490 U.S. at 327.
5   Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
6   550 U.S. 544 (2007).
7   556 U.S. 662, 678 (2009).
8   *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
9   *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts

---

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[11] *Iqbal*, 556 U.S. at 678.
[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[13] *Twombly*, 550 U.S. at 556.
[14] *Iqbal*, 556 U.S. at 679.
[15] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

alleged in the light most favorable to [the plaintiff]."[16] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

### B. Facts Alleged in the Amended Complaint

The facts alleged in the Amended Complaint, which I must accept as true for the purposes of this motion, are as follows. Plaintiffs added very few new allegations, so the recitation is effectively the same.

Plaintiffs own land in Sweet Valley, Luzerne County, Pennsylvania.[20] Decades ago – in 1958, to be exact – Plaintiffs' predecessor-in-interest granted Defendant a right-of-way allowing Defendant to install a pipeline to transport oil

---

[16] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[18] *Iqbal*, 556 U.S. at 678.
[19] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[20] Doc. 15 ¶ 4.

and related substances across the property.[21] In 2015, Plaintiffs granted Defendant a second right-of-way to install another pipeline.[22]

Due to the construction and installation, Plaintiffs' property was damaged in a number of ways: (1) "[c]racks in the concrete slab in the garage and basement of the Property;" (2) "[e]arth settling under the bilco door;" (3) uneven "grading of the property;" (4) "[r]ocks left on the Property; (5) "[b]are spots in the vegetation and landscaping;" and (6) the "[e]xterior of Plaintiffs' residence on the Property was tarnished requiring cleaning."[23] Plaintiffs likewise claim that Defendant breached its duty of care by improperly blasting the property with explosives, improperly grading the area, planting the incorrect seeds when restoring the area, and failing to clean the property.[24] Plaintiffs' land was never restored to its original condition and they were never compensated for the damages.[25] Plaintiffs made various communications with Defendant detailing the damages and seeking remedy.[26] Despite these communications, Defendant has refused to repair the property.[27] As a result, Plaintiffs have been without the use of a significant portion of their property due to Defendant's actions.[28]

---

[21] *Id.* ¶ 5.
[22] *Id.* ¶ 7.
[23] *Id.* ¶ 12.
[24] *Id.* ¶ 35.
[25] *Id.* ¶ 13.
[26] *Id.* ¶¶ 17-19.
[27] *Id.* ¶ 20.
[28] *Id.* ¶ 21.

C. Analysis

Plaintiffs bring this suit seeking damages based on three counts: (1) breach of contract; (2) negligence; and (3) private nuisance. Defendant moves to dismiss Counts 2 and 3 for failure to state a claim. Defendant does not contest the breach of contract claim in its motion to dismiss the Amended Complaint.

1. **Count 2 – Plaintiffs' negligence claim survives.**

The four elements of a negligence claim under Pennsylvania law are as follows: "a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff."[29] The Court cannot say at this time that this claim is barred by the gist of the action doctrine. That doctrine exists to maintain the analytical distinction between tort and contract actions. While the existence of a contract is relevant, that fact does not preclude a party from bringing a tort claim as well.[30] Neither does the fact that the alleged misconduct was undertaken while performing contractual duties.[31] Courts should exercise caution "in determining the gist of an action at the motion to dismiss stage."[32]

---

[29] *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).
[30] *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 69 (Pa. 2014).
[31] *Id*. at 63.
[32] *Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F. Supp.2d 826, 834 (E.D. Pa. 2000).

In reviewing the contract and the allegations made by Plaintiffs, it is plausible that the duty which Plaintiffs claim Defendant breached was independent from the duties imposed by the contract between the parties. The Court is prepared to evaluate this argument again when there is a more complete factual record.

### 2. Count 3 – Plaintiffs have not established an "invasion" of their property.

Pennsylvania utilizes the approach outlined in the Restatement (Second) of Torts for evaluating a claim of private nuisance. Under that standard, "[o]ne is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of <u>an invasion</u> of another's interest in the private use and enjoyment of land."[33] This claim is dismissed. Defendant argues that the work it performed on Plaintiffs' land was not an "invasion" for the purposes of a private nuisance claim. I agree. For example, Black's Law Dictionary defines an invasion as a "hostile or forcible encroachment on the rights of another."[34] "An invasion, therefore, occurs where a plaintiff's property interests have been encroached by something that has come onto the property against the plaintiff's will."[35]

Plaintiffs invited Defendant onto their property to perform the work. This sort of "affirmative and voluntary action cannot constitute an invasion."[36] It is

---

[33] *Tiongco v. Southwestern Energy Prod. Co.*, 214 F.Supp.3d 279, 284 (M.D. Pa. 2016) (quoting Restatement (Second) of Torts § 822 (1977)) (emphasis added).

[34] Black's Law Dictionary (11th ed. 2019); *see also Cavanagh v. Electrolux Home Products*, 904 F.Supp.2d 426, 435 (E.D. Pa. 2012).

[35] *Cavanagh v. Electrolux Home Products*, 904 F.Supp.2d 426, 435 (E.D. Pa. 2012).

[36] *Id*.

difficult to imagine what exactly about Defendant's presence on Plaintiffs' property was either hostile or forcible. The fact that Plaintiffs are dissatisfied with the quality of the services rendered does not seem to automatically convert Defendant's presence on the property into a private nuisance.

## III. CONCLUSION

Defendant's motion to dismiss pursuant to Rule 12(b)(6) is therefore granted in part and denied in part. Plaintiffs will not receive leave to amend yet again. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[37] "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.[38] Although there is a "liberal pleading philosophy of the federal rules" a court will dismiss the complaint in its entirety with prejudice because amendment would be futile.[39] After two complaints, it appears further amendment would be futile, as far as the private nuisance claim is concerned. Therefore, the action will proceed on Counts 1 and 2. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[37] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993).
[38] *Burlington*, at 1434. In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 Moore's Federal Practice, § 15.15[3] (3d ed. 2000).
[39] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).